The Chief Justice
delivered the opinion of the court.
The indictment in this case is based upon sections 12 and 15 of the act of Congress entitled “An act to regulate and improve the civil service of the United States, approved January 16, 1883.” The indictment consists of six counts. To this indictment was filed a demurrer, and .the cause was certified by the Justice presiding in the Criminal Court to the General Term to be heard in the first instance upon the demurrer. Sections from 11 to 15, inclusive, of the act above quoted, relate to the subject before us.
Section 11 is as follows: “That no Senator, or Representative, or Territorial Delegate of the Congress, or Senator, Representative, or Delegate-elect, or any officer or employee of either of said houses, and no executive, judicial, military *227 or naval officer of the United States, and no clerk or employee of any department, branch or bureau of the executive, judicial, military or naval service of the United States, shall, directly or indirectly, solicit or receive, or be in any manner concerned in soliciting or receiving, any assessment, subscription, or contribution for any political purpose whatever, from any officer, clerk, or employee of the United States, or any department, branch, or bureau thereof, or from any person receiving any salary or compensation from moneys derived from the Treasury of the United States.”
Section 12, upon which this indictment is predicated, is as follows: “That no person shall, in any room or building occupied in the discharge of official duties by any officer or employee of the United States mentioned in this act, or in any navy yard, fort, or arsenal, solicit in any manner whatever, or receive any contribution of money or any other thing of value for any political purpose-whatever.”
Section 13 is as follows: .“No officer or employee of the United States mentioned in this act shall discharge, or promote or degrade, or in any manner change the official rank or compensation of any other officer or employee, or promise or threaten so to do, for giving or withholding or neglecting to make any contribution of money or other valuable thing for any political purpose.”
Section 14 is as follows: “That no officer, clerk, or other person in the service of the United States shall, directly or indirectly, give or hand over to any other officer, clerk or person in the service of the United States, or to any Senator or Member of the House of Representatives, or Territorial Delegate, any money or other valuable thing on account of or to be - applied to the promotion of any political obj ect whatever.”
Section 15 prescribes the punishment to be imposed for violating any of the preceding sections.
The contention on the part of the defendant is well stated in the memorandum attached to the demurrer. It states that among the matters of law intended to be argued upon the *228 hearing of this demurrer are, first, “That the Act of Congress properly interpreted does not make and declare unlawful the acts charged against the defendant; and secondly, that the Act of Congress is unconstitutional if it can and shall be so construed as to seem to declare unlawful the acts charged against the defendant.” It is contended in argument by counsel for the defendant, that all the counts of the indictment fall short of a statement of facts such as is necessary to be made, in an indictment in order to constitute a good indictment under .the 12th section.
The first count is as follows: “That one Charles A. Newton, late of the county and District aforesaid, on the twenty-seventh day of September, in the j^ear of our Dord one thousand eight hundred and eighty-nine, with force and arms, at the county and District aforesaid, in a certain building there situate known as the Office of Education, occupied in the dis: charge of official duties by divers officers and employees of the Office of Education, said office being then and there a Bureau of the Department of the Interior of the said United States, unlawfully did solicit from one Margaret Bingley a contribution of the lawful money of the United States for a certain political purpose, to wit, for the purpose of aiding the election of certain candidates for public office theretofore recently nominated in the State of Virginia by a certain political party known as the Republican party, against the form of the statute in such case made and provided, and against the peace and Government of the United States of America.”
The second count relates to the same transaction and is as follows: “And the grand jurors aforesaid upon their oath aforesaid, do further present: ‘That the said Charles A. Newton, late of the county and District aforesaid, on the twenty-seventh day of September, in the year of our Dord one thousand eight hundred and eighty-nine,, at the county and District aforesaid, in a certain building their situate known as the Office of Education, occupied in the discharge of official duties by divers, officers and employees of the said United States, to wit, by divers officers and employees of the said Office of Education, the said office being then and there *229 a Bureau of the Department of the Interior of the said United States, by means of a certain circular letter of the tenor following : that is to say : ‘C. A. Newton, President; W. C. Elam, ist Vice President; D. J. Godwin, 2nd Vice President; E. N. Hill, 3rd Vice President; J. J. Verser, Treasurer; Wm. Brooke Smith, Secretary. Regular meetings, Monday Evenings at 8 o’clock. Old Dominion Republican Deague, of the District of Columbia. Denox House, Four and a half street, N. W., Washington, D. C., Sept. 27; 1889. As a citizen of Virginia you are, of, course, interested in the campaign now in progress in our State, which is to determine its future political status. The old Dominion Deague was organized to assist in the election of the Republican ticket, and respectfully asks your co-operation, by your becoming a member and making such further contribution to aid in the campaign as your means will permit. Initiation fee, $1. Dues 25 cents per month. Respectfully, Wm. Brooke Smith, Secretary; C. A. Newton, President;’' contained in a certain envelope bearing an address of the tenor following; that is to say: ‘Miss M. Bingley, Interior Department, City,’which said circular letter so as aforesaid in said envelope, he, the said Charles A. Newton, then and there delivered and caused and procured to be delivered to one Margaret Bingley, described in the said address as Miss M. Bingley, did solicit and was concerned in soliciting from the said Margaret Bingley a certain subscription and contribution of lawful money of the said United States, for a certain political purpose, to wit, for the purpose of aiding the election of certain candidates for public office, theretofore recently nominated, in the State of Virginia, by a certain politicial party known as the Republician party, against the form of the statute in such case made and provided, and against the peace and Government of the United States of America.”
The third count is like the first with the exception of the change of name of the person solicited. The fourth count is like the second, with the exception of the ñame of the person solicited. The fifth count is like the first, with the exception of the change of name and the sixth is also like the second, *230 with the exception of the change of name of the party solicited.
It is argued by the counsel for the defendant, that because each of the sections, except the 12th, involve only the action of employees, or some officer of the United States named in these sections, therefore it was the purpose of Congress in enacting this statute to only prescribe a rule which would apply to the officers and employees mentioned in sections 11,13 and 14, and, that although omitted in section twelve they are to be understood to be included; and, therefore this indictment should have charged that this solicition was made by the person named in the indictment, and should have further alleged that the person so soliciting was either an employee of the Government of the United States, or one of the officers mentioned in section 11, 13 or 14.
In other words, that it was not the purpose or object of Congress to prohibit a citizen from soliciting another citizen to contribute money for political purposes under the circumstances and in the places mentioned in section 12, but only to prevent any person whomsoever, whether a citizen or officer, from soliciting aid from an officer or employee of the Government in such places.
It is contended upon the part of counsel for the defendant that unless this construction of section 12 be adopted it necessarily follows that the section itself is unconstitutional as being in excess of the power granted to Congress; that it would be such an abridgment of the right of speech and action of the citizen as would violate the provisions of the Constitution for the preservation of such rights.
We are not unmindful of our duty to adopt, if we can by fair interpretation, that construction which maintains the constitutionality of the act.
But is the act or any part of it unconstitutional if we reject the construction claimed by the defendant’s counsel ?
The Government of the United States has supreme and exclusive control over the places designated in section 12 in which solicitation of, or procuring aid for political purposes is forbidden.
The United States does not share control with a State or *231 municipality, but has control over those places which have been acquired by it in pursuance of the authority granted to it by the Constitution and laws of the United States for the exclusive use and purposes of the Government.
Congress had a right to prescribe rules of conduct to be observed not only by officers and employees of the Government who shall occupy these places for the time being, but also by the citizen who may for any purpose be allowed to go into these places, it may be on business with the Government or recreation as suggested by defendant’s counsel. The Government has the right, we think, to prescribe what shall be the conduct of persons thus visiting these places by the enactment of reasonable rules and regulations. Conceding all that counsel claims for the purity of motives actuating partisans in securing contributions for and promoting the success of political parties, we do not perceive the harm, hardship or oppression resulting from a law which prohibits this solicitation in the places where the business of the Government is transacted. While it may be easy to conceive of instances where such solicitation by one citizen of another would not work harm, such a practice if permitted might be seriously detrimental to the public service. Whether or not at the date of the enactment of this statute, the best interests of the country required such legislation was a matter peculiarly within the province of Congress to determine. It is not for the courts to decide an act or any part of it unconstitutional because they may doubt the necessity of the enactment or the wisdom of its provisions.
It will be observed that the defendant is charged in each count of the indictment with directly and personally soliciting pecuniary aid of the persons therein named. Whether the sending of a letter or circular of solicitation of pecuniary aid for political purposes through the mail, directed to a person at one of the places specified in section n, is prohibited, is not decided because not presented by the demurrer. We do not perceive any reason why Congress did not provide in section 12 that Government employees and officers of the United States should be protected from solicitation in words as dis *232 tinct as employed in other sections of the act if such was its intention. Not having done so it seems to us that Congress expressed precisely and all that it intended to embrace in this section. There is, therefore, no occasion for attempting the introduction of conditions and limitations by construction which are not expressed.
We hold the indictment to be good and the twelfth section of the act constitutional.

The demurrer is overruled.